# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **v.** : | **Civil Action No.** |
| : | **7:03-cr-22 (HL)** |
| **SHARON NETTLES,** : | |
| **Defendant.** : | |

## ORDER

Defendant Sharon Nettles has filed a pleading entitled Motion for Extension of Time to File Supporting Memorandum to Petitioner's Motion Under 28 U.S.C. § 2255 (Doc. 183). Defendant first asks the Court for leave to exceed the page limitation when filing a memorandum of support for her "Motion under 28 USC § 2255." Defendant also asks the Court to "gives me an extension to file my 2255 due to my attorney Rick Collum leading me to believe that he was going to file a writ of certiori on my behalf." Although Defendant submitted various correspondence from her attorney, she offered no further argument.

First, it does not appear that Defendant Nettles has filed a habeas corpus petition or any other motion pursuant to 28 U.S.C. § 2255. Defendant Nettles therefore no longer needs to exceed the page limit when filing a memorandum in support for there is no motion pending to support. Second, the deadline for filing a motion under 28 U.S.C. § 2255 can only be extended upon a showing of "extraordinary circumstances that are both beyond [the

defendant's] control and unavoidable even with diligence." <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). Defendant's bare assertion that she was unable to timely file a habeas corpus petition does not rise to the level of extraordinary circumstances. Defendant not only failed to explain why the delay was beyond her control, but also failed to show the delay was unavoidable even with diligence. Accordingly, Defendant's Motion (Doc. 183) is denied.

        **SO ORDERED**, this the 13th day of June, 2007.

        **/s/ Hugh Lawson**
        **HUGH LAWSON, Judge**

scs