**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| SHARON NETTLES, | * | |
| | * | |
| Petitioner, | * | CASE NO. 7:07-CV-66 HL |
| vs. | * | 28 U.S.C. § 2255 |
| | * | CASE NO. 7:03-CR-00022 HL |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Nettles was indicted with others on July 18, 2003, and charged with Fraud With Identification Documents and Conspiracy to Commit Identify Theft. (D-28). Thereafter, on January 20, 2004, Nettles waived indictment and entered into a Plea Agreement with the Government and pled guilty to Conspiracy to Commit Identity Theft in violation of 18 U.S.C. § 1028(a)(7), 1028(b)(1)(D), and 1028(f) as charged in a Superseding Information. (D-82). Subsequent to the report of a Pre-Sentence Investigation (PSI), the court heard Nettles Objections to the report, denied the same, and sentenced Nettles to a term of 125 months imprisonment, a sentence above the advisory sentencing guidelines. (D-103). Nettles appealed her sentence, which was remanded for resentencing by the United States Court of Appeals for the Eleventh Circuit on May 31, 2005. (D-144).

The District Court held a resentencing hearing on October 11, 2005, and resentenced Nettles again to 125 months imprisonment. (D-152). Nettles appealed. This sentence was affirmed by the Court of Appeals on June 27, 2006. (D-182). No application for *Writ of Certiorari* was filed, and Petitioner Nettles sentence became final on September 27, 2006.

Nettles timely filed a Motion To Vacate, Set Aside, or Correct her Sentence Pursuant to 28 U.S.C.§ 2255, in this court, on June 11, 2007. (D-189). In her § 2255 Motion, Nettles asserts ineffective assistance of counsel, stating:

> Counsel Jim Jarvis was ineffective for not making the appropriate objections to the Pre-Sentence Report, for not properly arguing them to the Court, and for failing to appeal the issues. Counsel Jarvis failed to view all the discovery (mainly a video) of supposedly incriminating evidence against Petitioner and then erroneously convincing Petitioner to enter into a plea without knowing what the evidence was. Mr. Jarvis was preoccupied with his career change which prejudiced the defendant by him failing to submit the correct motions timely. Counsel failed to address at resentencing all issues which were presented to the Appellate Court.
>
> Counsel Rick Collum was ineffective because he failed to follow through with Petitioner's second appeal on any or all meritorious issues.

At the end of her Motion, Petitioner added, as a Memorandum to her ineffective assistance of counsel against Mr Jarvis, the following:

> Counsel Jim Jarvis was ineffective because he did not argue all of the presentence report objections. He did not submit the PSI objections in a timely manner. Counsel did not request video tape. Counsel did not object to statements connected to terminated charge. Counsel based his argument totally on terminated charge. Counsel requested to withdraw 2x during appeal – was not interested in case. He was preoccupied with changing employment.

Because of the vague and conclusory nature of Petitioner's claims, an evidentiary hearing was found to be necessary to develop the facts regarding her claims of ineffective assistance of counsel. Therefore, on November 28, 2007, such a hearing was held with new

counsel representing the Petitioner, the transcript of which is denominated D-206 in the record of these proceedings.

### Findings of Facts and Conclusion of law

The United States Supreme Court has held that only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. *United States v. Addonizio,* 442 U.S. 178, 184-86 (1979); *Richards v. United States,* 837 F.2d 965, 966 (11th Cir. 1988). Petitioner's claims all allude to a violation of her Sixth Amendment Constitutional right to effective assistance of counsel.

To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984). Under *Strickland* Petitioner must show: (1) that her counsel's representation was deficient; and (2) that this deficient representation prejudiced Petitioner. *Strickland,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995). The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same, the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th

Cir. 1984).

Petitioner Nettles Plea Agreement (D-84) provides the following:

> (1) Defendant acknowledges that she has reviewed and discussed the information against her in this matter with her attorney, and her attorney has explained his understanding of the United States' evidence.
>
> (2) Defendant understands that she is not required to plead guilty, and that she has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, she would enjoy a presumption of innocence, and that the United States would have the burden of proving her guilt beyond a reasonable doubt. Defendant understands that she would be entitled to the services of a lawyer at all stages of such a trial. Defendant understands that she would be entitled to confront and to cross-examine the United States' proof and to present witnesses and evidence in her own behalf. Defendant understands that she would have the right to testify in her own behalf, but that she could not be compelled to do so. Defendant has discussed these rights with her attorney. Defendant is satisfied with the services of her attorney. Defendant knowingly and voluntarily waives her right to plead not guilty and to proceed to trial.

The foregoing sworn statements contained in Petitioner's Plea Agreement are at odds with her present allegations of ineffective assistance of counsel, rather they indicate that her counsel provided her with an understanding of the law in relation to the facts, so that she could make an informed and conscious choice between accepting the prosecution's offer and going to trial. Petitioner Nettles Plea Agreement continues:

> (3) Defendant, being fully cognizant of her rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(e), Federal Rules of Civil Procedure, as follows:

4

(A) She is guilty of the offense charged and will knowingly and voluntarily enter a plea of guilty to the Information which charges her with Conspiracy to Commit Identity Theft in violation of 18 U.S.C. § 1028(a)(7), 1028(b)(1)(D), and 1028(f).

(B) She fully understands that her plea of guilty as set forth in Subparagraph (A), above, will subject her to a maximum sentence of 15 years imprisonment, a fine of $250,000, or both, a term of supervised release of 3 years, and a mandatory assessment of $100.

(C) She acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that she may have received from her counsel, the United States, or the Probation Office. Defendant further acknowledges and agrees that she will not be allowed to withdraw her plea because she has received an estimated guideline range from the United States, her counsel, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct guideline range.

(D) Defendant understands fully and has discussed with her attorney that the Court will not to be able to determine the appropriate guideline sentence until after a Presentence investigative report has been completed. Defendant understands and has discussed with her attorney that she will have the opportunity to review the presentence investigative report and challenge any facts reported therein. Defendant understands and has discussed with her attorney that any objections or challenges by her or her attorney to the Presentence Report of the Court's ruling thereon will not be grounds for withdrawal of the plea of guilty.

(E) Defendant understands and has discussed with her the applicable guideline after the Court determines the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

Petitioner Nettles has completely disregarded the above provisions of her Plea

Agreement in her § 2255 Motion. The Agreement clearly put her on notice and she swore that she had acknowledged and understood that her maximum sentence could have been as much as fifteen (15) years, instead of the 10 years and 5 months to which she was actually sentenced; that only the Court could determine the correct sentence guideline; and that the court could sentence her above or below the range determined under special circumstances.

Petitioner Nettles' PSI revealed special circumstances. At ¶ ¶ 46 - 65, Petitioner Nettles criminal history was reported to the Court, showing that she began a life of crime at age 24 in 1986, with a continuing series of convictions for Forgery, Larceny, Credit Card Theft, Narcotics violations, Conspiracy With Intent To Defraud, and Credit Card Fraud, until she was sentenced to a term of 3 years imprisonment in September 2000. Her criminal history computation totaled 17 points and established a criminal history category of **VI**, under the U.S. Sentencing Guidelines. *See* PSI at ¶ 66.

The Probation Office established Petitioner's Offense Conduct Level at 10 in ¶ ¶ 32-42 of the PSI, and calculated a guideline sentence range of 24 to 30 months imprisonment, noting, however, that, "[i]f the defendant were held accountable for the entire acts outlined in this report, her guideline range would have been 92- 115 months." *See* PSI at ¶ ¶ 105, 106.

Petitioner Nettles' complaints against her trial and/or appellate attorney do not apply to the calculation of her criminal history, and cannot, because there is nothing either counsel could have done to erase Nettles' prior convictions and criminal history. Nettles does not seriously contend that, but for counsel's conduct, she would have gone to trial. Nettles' admission to hiding stolen checks and false identification in the patrol car when she

6

was arrested, and her continued admission of her guilt as to the identify theft regarding stolen checks, represented overwhelming evidence against her, dissuading a trial, as she stated. *See* Transcript, D-206.

At the evidentiary hearing on Petitioner's § 2255 Motion, she concedes that her attorney, Mr. Jarvis, advised her that she was going to get an upward departure, but he did not "think" it would be that much. (D-206 at 34). When asked by her hearing attorney what was it that Mr. Jarvis did not do that was deficient from her perspective, Petitioner Nettles answered:

> He didn't address the laws properly as far as what the PSI was saying. . . . I just felt like he should have kept confirming that with Judge Lawson, that we did have – – even though the agreement doesn't say anything about the time, but one of his reasons for departing was because of the loss. He said the offense level underestimates the amount of loss, and I don't understand that because we have $10,000 in loss from merchants that is visible, how does it underestimate that? Because he probably was thinking about the other people's charge.

*Id.* at 35. In response to her attorney's question about her understanding as to why Judge Lawson was imposing the same sentence at her resentencing hearing, she answered, "Probably because my attorney had nothing to say to help me, ..." *Id.* at 39. Petitioner's entire testimony in support of her ineffective assistance of counsel claim against her trial/plea attorney was speculative and conclusory. *"Conclusory allegations* of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992). Petitioner Nettles' written claims of ineffective assistance of trial/plea counsel were speculative and conclusory, and she did not

7

improve them upon evidentiary hearing. She has failed to carry her burden of proving that her trial/plea counsel's representation was unreasonable and ineffective, or that the outcome of her case would have been different had he acted otherwise.

Petitioner's claims of ineffective assistance of counsel against appellate counsel, Mr. Collum are two fold. First, in her § 2255 Motion she states:

> Counsel Rick Collum was ineffective because he failed to follow through with Petitioner's second appeal on any or all meritorious issues.

This claim is vague and conclusory and fails to state a specific claim. However, Petitioner Nettles adds:

> Counsel Rick Collum was ineffective because counsel did not request a rehearing after the 11th Circuit Court of Appeals AFFIRMED my second appeal under the terminated charge. Counsel did not submit a writ of certiorari.

At hearing, Petitioner Nettles acknowledged that Attorney Collum sent her his brief to the United States Court of Appeals for the Eleventh Circuit to review, and that she looked at it, but did nothing. She did not call him to discuss any issues she wished to raise. She "just waited" (apparently for the Eleventh Circuit to rule). (D-206 at 41).

Petitioner Nettles' claims that Mr. Collum was ineffective for not requesting a rehearing at the United States Court of Appeals for the Eleventh Circuit, and that he did not make an application for *Writ of Certiorari* to the United States Supreme Court, will not support claims of ineffective assistance of counsel. Citing *Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990 (1987), the United States Supreme Court in *Coleman v. Thompson,* 501 U.S. 722, 756, 111 S.Ct. 2546,

8

2568 (1991) declined to extend the right to counsel beyond the first appeal of a criminal conviction under the Sixth and Fourteenth Amendments, and observed the holdings that a criminal defendant has no right to counsel in discretionary review or for application for *Writ of Certiorari*. Therefore, any claim of ineffective assistance of counsel, based upon processes for which there is no constitutional right to counsel, must fail.

Petitioner Nettles has failed to carry her burden of proof that either of her counsel were constitutionally ineffective or that she was prejudiced by their conduct of her case. She has failed to show that her conviction and sentence would have been different had their representation been different.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 7th day of April 2008.

                                                  S/ G. MALLON FAIRCLOTH
                                                  UNITED STATES MAGISTRATE JUDGE