IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| SHARON NETTLES, | : | Case No. 7:03-cr-22(HL) |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

**ORDER**

Defendant Sharon Nettles, proceeding pro se, has filed a Motion to Reduce Sentence (Doc. 203) and Motion to Defer Financial Obligations (Doc. 228). For the following reasons, Defendant's Motions are denied.

**I.     Motion to Reduce Sentence**

Defendant seeks to have her sentence reduced for two reasons. First, she contends that she is entitled to a reduction in sentence based on the retroactive application of Amendment 706 to the Sentencing Guidelines. Amendment 706 reduced the base offense levels for crack cocaine offenses. Defendant, however, was not convicted of a crack cocaine offense. As a result, Amendment 706 does not entitle her to any relief.

Second, Defendant requests that her sentence be reduced based on

1

Amendment 709 to the Guidelines.[1]  Amendment 709 addressed the way certain prior offenses are used to calculate a defendant's criminal history score.  This Amendment, however, does not apply retroactively because it is not listed in U.S.S.G. § 1B1.10(c).  See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) (holding that "amendments claimed in § 3582(c)(2) motions may be retroactively applied solely where expressly listed under § 1B1.10(c)" (emphasis in original)).  As a result, Defendant is not entitled to a reduction in sentence based on Amendment 709.  See id.

## II.    Motion to Defer Financial Obligations

Defendant requests that the Court defer the payment of certain financial obligations imposed on her at sentencing.  It appears from her Motion to Defer that Plaintiff is making restitution payments through an Inmate Financial Responsibility Program that is administered by the Bureau of Prisons ("BOP").  See 28 C.F.R. § 545.11 (setting forth procedures for administration of Inmate Financial Responsibility Programs).  This Court has no authority over the amount and frequency of payments that Defendant makes through a program that is administered by the BOP.  Defendant's Motion to Defer is denied.

## III.   CONCLUSION

---

[1] Defendant refers to Amendment 12 in her Motion, and asserts that Amendment 12 changed the way criminal history scores are calculated.  It appears that she is referring to Amendment 709.  See U.S.S.G. § 4A1.2, historical notes, 2007 Amendments.

For the foregoing reasons, Defendant's Motions are denied.

**SO ORDERED**, this the 29th day of July, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

dhc